UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN A. HARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4002** |
| **DANIEL EDWARDS, ET AL** | **SECTION "D"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, John A. Harrell ("Harrell"), was housed in the Tangipahoa Parish Jail ("TPJ") at the time of the filing of this complaint.[1] Harrell filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the defendants, Tangipahoa Parish Sheriff Daniel Edwards, Deputy Kathleen Tracy, Deputy Pete Gill, Deputy Matthew Schliegelmeger, Dr. Arthur Mauterer, Warden Randy Pinion, and Nurse Charlotte.

---

[1]The Court has learned that Harrell was transferred to Richwood Correctional Center.

Harrell alleges that, on July 31, 2004, he slipped and fell as he was leaving the shower in the TPJ. He injured his right shoulder, right hand and right foot. He claims that he was unconscious after the fall until he was awakened by Deputies Gill and Schliegelmeger.

He further claims that the Deputies ordered him to get off of the floor without assistance. After he dressed, he became weak and dizzy and felt severe pain. He alleges that he asked Sergeant Tracy for assistance and she directed him to complete a medical request form. He claims that he told her that he needed immediate medical care. He alleges that she told him to return to his cell or he would be placed on lock-down. Harrell further claims that he asked Sergeant Tracy if she was denying his request for medical attention and she ordered Deputies Gill and Schliegelmeger to escort him to his cell.

Harrell alleges that he completed a medical request form and was seen by Dr. Mauterer and Nurse Charlotte on August 4, 2004. Harrell claims that Nurse Charlotte told the doctor that nothing was wrong with him and that he only wanted medication to get intoxicated. He further claims that the doctor said that there was nothing he could do for a broken toe. The doctor did not schedule x-rays or provide medication.

Harrell complains that he still suffers from pain and is unable to fully use his right arm. He seeks monetary compensation.

## II.     Procedural Background

On August 23, 2005, the undersigned granted Harrell the privilege of proceeding *in forma pauperis* in this case.[2] Consequently, summons were issued for the defendants to be served by the

---

[2] Rec. Doc. No. 3.

U.S. Marshal's Service pursuant to Title 28 U.S.C. § 1915 and Fed. R. Civ. P. 4(c) at the addresses provided by the plaintiff, which was the address of the Tangipahoa Parish Jail.[3]

The first set of summons were returned by the U.S. Marshal's Service on October 17, 2005, without being served because of the aftermath of Hurricane Katrina. On January 25, 2006, the undersigned *sua sponte* ordered that summons be reissued and served on the defendants by the U.S. Marshal's Service pursuant to Title 28 U.S.C. § 1915 and Fed. R. Civ. P. 4(c).[4]

Although the Marshal attempted to serve Matthew Schliegelmeger at the address provided by Harrell, he was not able to serve him with a copy of the complaint.[5] Therefore, the summons was returned as unexecuted with the Marshal's notation that they were "unable to locate the individual . . . named above."[6]

As a result, on May 12, 2006, the Court issued a Rule to Show Cause requiring the plaintiff to show cause why the complaint should not be dismissed for his failure to prosecute this case against Matthew Schliegelmeger under Fed. R. Civ. P. 41(b) and failure to serve him within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m).[7]

On May 31, 2006, Harrell filed a response to the Court's prior order.[8] Harrell alleges that the service returns in the record demonstrate that some of the defendants were served with his complaint. Under a broad reading, Harrell appears to argue that the defendants are fully aware of

---

[3]Rec. Doc. No. 4.

[4]Rec. Doc. No. 14.

[5]Rec. Doc. No. 17.

[6]*Id.*

[7]Rec. Doc. No. 27.

[8]Rec. Doc. No. 31.

his case and are otherwise jointly liable to him under state law. He urges the Court to accept the service returns of record as proof that some of the defendants have accepted service from the Marshal's Service. He also requests that payment and costs be deferred until the outcome of the trial.

## III.     Standards of Review

### A.     Failure to Serve

A plaintiff is required to serve the defendant with summons and complaint within 120 days of the filing of the complaint. Fed. R. Civ. Pr. 4(m). If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court shall *sua sponte* dismiss the action without prejudice or direct that service be effected within a specified time, provided that, if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997). When process has not been properly served on a defendant, dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained. *Amous v. Trustmark National Bank*, 195 F.R.D. 607, 610 (N.D. Miss. 2000) (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

### B.     Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been

responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, Harrell is not represented by counsel and is therefore responsible for the prosecution of his case.

## IV.     Analysis

The record shows that the Court specifically ordered Harrell to show cause why this matter should not be dismissed for failure to prosecute and failure to comply with the service requirements set forth in Fed. R. Civ. P. 4(m) to perfect service in an effort to prosecute this case. The Court has not been provided a better address for service process on Matthew Schliegelmeger.

Harrell has made no attempt in his response to provide the court with, or seek out, a better address for service of process on Schliegelmeger. While the record does contain service returns from the U.S. Marshal's Service, those returns reflect that service could not be made on this defendant. Harrell's suggestion to the contrary is without merit.

Accordingly, dismissal of Harrell's claims against Matthew Schlieglemeger is proper under both Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b) for his failure to serve summons and prosecute this case.

## V.     Recommendation

It is therefore **RECOMMENDED** that Harrell's Title 42 U.S.C. § 1983 complaint as urged against Matthew Schliegelmeger be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_1st\_\_\_ day of \_\_August\_\_, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**Clerk to Note New Address for Plaintiff In The Record**:
Richwood Correctional Center
180 Pine Bayou Circle
Monroe LA, 71202