UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN A. HARRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-4002** |
| **DANIEL EDWARDS, KATHLEEN TRACY, PETE GILL, MATTHEW SCHLIEGELMEGER, DR. ARTHUR MAUTERER, NURSE CHARLOTTE, RANDY PINION** | **SECTION "D" (4)** |

## REPORT AND RECOMMENDATION

Before the Court are a **Motion to Dismiss Defendant, Arthur Mauterer, M.D. (Rec. Doc. No. 28)** filed by defendant Dr. Arthur Mauterer, and a **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. No. 44)** filed by defendants, Sheriff Daniel Edwards and Warden Randy Pinion. Both motions seek dismissal of the plaintiff's claims because they are prescribed.

These motions, along with the entire matter, were referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual and Procedural Background**

The plaintiff, John Harrell ("Harrell"), filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983, against Tangipahoa Parish Sheriff Daniel Edwards, Nurse Kathleen Tracy, Pete Gill, Matthew Schliegelmeger, Dr. Arthur Mauterer, Nurse Charlotte, and Warden Randy Pinion challenging the conditions of his confinement at the Tangipahoa Parish Jail ("TPJ").

Harrell alleges that, on July 31, 2004, while incarcerated in TPJ, he slipped and fell in the shower. He alleges that he sustained pain in his right shoulder, right hand, and right foot. He also alleges that he made a verbal request for medical attention to Nurse Tracy, who instructed him to file a written request and to return to his cell. She ultimately had Gill and Schliegelmeger escort him back to his cell. He claims that he was not examined by Dr. Mauterer and Nurse Charlotte until August 4, 2004.

Harrell further claims that the medical services were not adequate because he was not prescribed medication for his pain nor were x-rays taken of his shoulder, foot, or hand. He seeks damages for the alleged violation of the Eighth Amendment.

Upon recommendation of the undersigned, the claims against Pete Gill, Nurse Charlotte, and Matthew Schliegelmeger have been dismissed without prejudice for failure to serve pursuant to Fed. R. Civ. P. 4(m) and failure to prosecute pursuant to Fed. R. Civ. P. 41(b).[1] The only defendants remaining before the Court are Sheriff Edwards, Warden Pinion, Nurse Tracy, and Dr. Mauterer.

In response to the petition, three of the remaining defendants, Edwards, Pinion, and Mauterer, have filed motions seeking dismissal of Harrell's claims because they were filed more

---

[1]Rec. Doc. Nos. 30, 39, 42, 43.

than one year from the date of his fall on July 31, 2004, and/or more than one year from the date of the alleged inadequate medical care on August 4, 2004.  The defendants contend that Harrell's complaint is not timely filed and is therefore subject to dismissal.

## II.     Standards of Review

### A.     Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief.  *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992).  While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted.  *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

In resolving a motion under Rule 12(b)(6), the court is generally limited to considering only those allegations appearing on the face of the complaint.  *Benton*, 960 F.2d at 21.  However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account.  *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).

Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material

subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated. An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Where it appears, however, from the face of the complaint that the applicable limitations period has run, an action is subject to dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See Songbyrd, Inc.* v. *Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997).

### B. <u>Frivolousness</u>

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

4

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Analysis

#### A.  Defendants' Motions to Dismiss

The movants contend that Harrell's complaint should be dismissed because he did not timely pursue his claims against them. They argue that Harrell alleges that he was seen by Dr. Mauterer and Nurse Charlotte on August 4, 2004. The defendants contend that it is the treatment received at this visit about which Harrell complains. They argue, however, that Harrell did not file his lawsuit until August 23, 2005, and that the complaint was signed on August 15, 2005, both dates falling after the applicable one-year prescriptive period ran.

In his opposition to both motions, Harrell argues that, he tried to exhaust the prison grievance remedies and this attributed to his delay in filing.[2] He also claims that, because the medical care was not adequate, his injuries were ongoing and his claims did not prescribe. He further reiterates that he did not start receiving adequate medical care until after his transfer to another prison facility.

Harrell contends that his lawsuit should not be dismissed because it is timely. He contends that he filed his lawsuit approximately one year after the date of the visit and post marked his envelope August 15, 2005, such that is should be deemed timely.

---

[2]Rec. Doc. No. 47.

In their reply to Harrell's opposition memorandum, Edwards and Pinion further argue that Harrell's complaint shows that he did not complete the grievance process at the jail and did not file any other requests for medical care.[3] The defendants argue that, at best, Harrell simply disagreed with the care given to him on August 4, 2004, and did not pursue further medical care until after he was transferred to another facility shortly thereafter. The defendants further suggest that any complaints about the lack of care at the other facility is irrelevant to this determination.

Actions brought under § 1983 are subject to the forum state's personal injury limitations period. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, personal injury claims are governed by Louisiana Civil Code Article 3492, which provides for a prescriptive period of one year. *See Jacobsen*, 133 F.3d at 319.

For purposes of calculating the limitations period, a § 1983 cause of action begins to accrue when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Similarly, negligence claims brought under Louisiana Civil Code Article 2315 begin to accrue on the day the injury is sustained. *See* La. Civ. Code Art. 3492.

Applying the foregoing, Harrell's § 1983 claims accrued at the latest on August 4, 2004, when he knew or had reason to know that he did not and would not receive the x-rays, medication or treatment he wanted from the defendants. Harrell admits that this is the day on which he should have received what he believes to have been more appropriate medical treatment.

To the extent he seeks recompense for the fall itself, his claims are negligent in nature, which is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also*

---

[3]Rec. Doc. No. 50.

*Davidson v. Cannon*, 474 U.S. 344 (1986). As a state tort claim, suit arising from the fall would have accrued on the date of injury, July 31, 2004, under Louisiana law. Thus, under either scenario, Harrell's complaint is not timely filed.

Harrell was required to file his § 1983 suit arising out of the alleged medical indifference, within one year, or no later than August 4, 2005. Harrell's claims arising out of the alleged deliberate indifference to his medical needs is considered filed on August 15, 2005, under the applicable "mailbox rule."[4] Because the petition was untimely filed, the defendants' motions should be granted and Harrell's claims dismissed with prejudice as prescribed.

### B. Review for Frivolousness

There remains before the Court one defendant, Nurse Kathleen Tracy, who did not join in the motions to dismiss. Harrell alleges in his complaint that Nurse Tracy did not assist him in getting immediate medical attention after his fall. He claims that he went to her after his fall and made an oral request for medical care. He states that she told him to file a written request and had him escorted back to his cell without medical attention. According to Harrell's complaint, these events occurred on the day of the fall, July 31, 2004.

As outlined above, Harrell's complaint is deemed filed under the mailbox rule on August 15, 2005. This was more than one year after the alleged incident with Nurse Tracy. For the reasons set forth above with regard to the motions to dismiss, Harrell's claims are untimely filed and should be dismissed as frivolous or for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

### IV. Recommendation

---

[4]In the prison context, the date prison officials receive the complaint from the plaintiff for mailing to the court is the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995).

It is therefore **RECOMMENDED** that the **Motion to Dismiss Defendant, Arthur Mauterer, M.D. (Rec. Doc. No. 28)** filed by defendant Dr. Arthur Mauterer, and the **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec. Doc. No. 44)** filed by defendants, Sheriff Daniel Edwards and Warden Randy Pinion, be **GRANTED**.

It is further **RECOMMENDED** that the claims urged by the plaintiff, John Harrell, against Dr. Arthur Mauterer, Sheriff Daniel Edwards, Warden Randy Pinion, and Kathleen Tracy be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted and otherwise as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___31st___ day of _____January_____, 2007.

                                              **KAREN WELLS ROBY**
                                       **UNITED STATES MAGISTRATE JUDGE**